IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RUSSELL M. GRIMES, | § | |
| | § | |
| Defendant-Below, | § | No. 416, 2013 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below:  Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID 1108023033A |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted:  May 4, 2015
Decided:     May 12, 2015

Before **STRINE**, Chief Justice; **HOLLAND** and **VALIHURA**, Justices.

# **O R D E R**

(1)   This is an appeal by defendant Russell Grimes, who was tried and convicted at the same trial as William S. Sells, III, his co-defendant.  In an earlier opinion, this Court held that the judgment of convictions entered against Sells had to be vacated because his ability to use his peremptory challenges had been improperly restricted.[1]   In that opinion, this Court determined that the State had failed to establish a *prima facie* case for a reverse-*Batson* violation by Sells, who had used two of his three peremptory challenges to strike white jurors.[2]  Thus, this Court found that the Superior Court erred by denying Sells the right to use a

---

[1] *See Sells v. State*, 109 A.3d 568 (Del. 2015).
[2] *Id.* at 579.

peremptory strike on the ground that Sells failed to articulate a non-discriminatory reason for exercising his peremptory strike.[3]

(2)  After that decision, this Court ordered supplemental briefing in this case, because Grimes' exercise of peremptory challenges was restricted in the same manner, and our opinion addressed strikes made by both Grimes and Sells, which the Superior Court had improperly aggregated.

(3)  We have considered the supplemental briefing carefully.  Although the State has tried hard to distinguish the cases, we fail to see any plausible basis on which to treat Grimes differently than Sells.  The Superior Court's encroachment on their use of peremptory challenges was identical in all respects, including as to its ultimate effect: the seating of a juror after their peremptory strike (made first by Grimes and then joined in by Sells) against that juror was disallowed.   As a result, for the reasons set forth in our decision in *Sells v. State*, we vacate the judgment of convictions entered against Grimes on July 25, 2013 and remand for a new trial.[4]

IT IS SO ORDERED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[3] *Id.*

[4] Because we reverse on this ground, there is no need to address the other arguments made by Grimes on appeal.  The Court is grateful to Colm F. Connolly, Esquire, for serving *pro bono* as *amicus curiae* to provide the Court with supplemental briefing on the reverse-*Batson* issue.